**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

DALE L. ASBELL, JR.                                                          PLAINTIFF

v.                                               CIVIL ACTION NO. 3:23CV-P113-JHM

KENTUCKY DEPARTMENT OF
CORRECTIONS *et al.*                                                       DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Dale L. Asbell, Jr., filed the instant *pro se* prisoner 42 U.S.C. § 1983 action.  The

complaint is before the Court for initial screening pursuant to 28 U.S.C. § 1915A.  For the reasons

stated below, the Court will allow one of Plaintiff's claims to proceed and dismiss other claims.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff is a convicted inmate at the Kentucky State Reformatory (KSR).  He sues the

Kentucky Department of Corrections (KDOC) and Wellpath Holdings, LLC, and the following

Defendants in their individual and official capacities:  Anna Valentine, the KSR Warden; Phillip

Campbell, the KSR Deputy Warden; Stephanie Fares, a nurse employed by Wellpath working at

KSR; James Holcomb, a Grievance Coordinator at KSR; John Dunn, the KDOC Ombudsman; and

Cookie Crews, the KDOC Commissioner.

Plaintiff states as follows:

On 10/13/22 I went to Bennett & Bloom were they cut on my right eye due to
"Cataract," "Glaucoma Angle Closure Acute" and "Glaucoma Malignant Aqueous
Misdirection" due to extreme pressure behind right eye.  On 9/8/22 I went to sick
call regarding swelling and redness to my right eye.  Nurse Stephanie Fares
accessed me and stated that there was nothing wrong with me.  This has been an on
going issue that has continued to cause me a great deal of pain to date.  On 10/3/22
I was sent to the emergency Room by FNP Tingle.  While at the Emergency Room
I was also informed that this was an emergency and if I had not come when I did I
would have gone blind.  When I went to the doctor I was told that there was pressure
behind my eye and everything that was behind my eye was being pushed forward.

Plaintiff further states his grievance was "deemed non-grievable due to inappropriate action requested." He asserts that he wrote to Dunn "to inquire if said grievance could be reinstated to properly exhaust my administrative remedies which was denied." He alleges that Crews, Dunn Valentine, Campbell, Wellpath, Fares, Holcomb and KDOC "are all responsible for employing staff to work for the [KDOC] and insure that all policies and laws are followed." He continues, "Due to the [KDOC] employing the above named Defendants the Plaintiff's rights have been violated." Plaintiff also states, "I am now considered blind in my right eye."

As relief, Plaintiff requests compensatory and punitive damages, as well as injunctive relief in the form of "assuring that all inmates that are having a medical emergency be accessed and treated by qualified officials that know how to do the job" and "remove any and all staff from office that is making the decisions to allow the above mentioned behavior to continue to occur."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers,*

*USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

### A. KDOC and official-capacity claims against state employee Defendants

Plaintiff sues the KDOC and sues each individually named Defendant in his or her official capacity. A state and its agencies, such as KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and Congress did not intend to override the traditional sovereign immunity of the states in enacting § 1983. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's claims against all state employee Defendants are construed as brought against the

3

Commonwealth of Kentucky.  State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Further, the Eleventh Amendment acts as a bar to claims for all relief claims for monetary damages against state employees or officers sued in their official capacities.  *Kentucky v. Graham*, 473 U.S. at 169.

For these reasons, Plaintiff's claim against the KDOC for all relief and his official-capacity claims against Valentine, Campbell, Holcomb, Dunn, and Crews for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

### B. *Wellpath and official-capacity claim against Fares*

Plaintiff's official-capacity claims against Fares is construed as brought against her employer, Wellpath.  *See Kentucky v. Graham*, 473 U.S. at 166.  The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Wellpath, which presumably contracts with the KDOC to provide medical services to inmates.  *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691.  Thus, liability of a contracted private entity also must be based on a policy or custom of the entity.  *Street*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

To state a claim against a contracted entity, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that he was denied medical treatment pursuant to a policy or custom of Wellpath. Accordingly, Plaintiff's claim against Wellpath and his official-capacity claim against Fares must be dismissed for failure to state a claim upon which relief may be granted.

### C. Individual-capacity claims

#### 1. Deliberate indifference to serious medical needs

The Court construes the complaint as alleging an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs against Fares. <u>Upon review, the Court will allow this claim to proceed against Fares in her individual capacity</u>. In allowing the claim to proceed, the Court passes no judgment on its merit or ultimate outcome.

#### 2. Grievance handling

Plaintiff alleges that he wrote to Dunn to inquire if his rejected grievance could be reinstated and that Dunn denied his request. However, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a

claim against a prison official based solely on his handling of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.").

Accordingly, Plaintiff's individual-capacity claim against Dunn will be dismissed for failure to state a claim upon which relief may be granted.

### *3.* **Respondeat Superior**

Plaintiff alleges that Valentine, Campbell, Holcomb, Dunn, and Crews "are all responsible for employing staff to work for the [KDOC] and insure that policies and laws are followed." To state a claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory

official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Plaintiff's allegations against Valentine, Campbell, Holcomb, Dunn, and Crews are based on their supervisory authority; he does not allege that they were personally involved in the violation of his rights. Therefore, Plaintiff's individual-capacity claims against Valentine, Campbell, Holcomb, Dunn, and Crews will be dismissed for failure to state a claim upon which relief may be granted.

### 4. Injunctive relief claims

Plaintiff's claims for injunctive relief must also be dismissed. Plaintiff's request for "assuring that all inmates that are having a medical emergency be accessed and treated by qualified officials that know how to do the job" is not cognizable because Plaintiff cannot seek relief on behalf of other inmates. *See, e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause). His request to "remove any and all staff from office that is making the decisions to allow the above mentioned behavior to continue to occur" is also not cognizable because the Court has no authority to order the termination of a defendant under § 1983. *See, e.g.*, *Nation v. Jordan*, No. 5:20-CV-P182-TBR, 2021 U.S. Dist. LEXIS 77109, at *3-4 (W.D. Ky. Apr. 22, 2021) (holding that the court lacked authority to grant injunctive relief in the form of terminating the defendant from his employment); *Theriot v. Woods*, No. 2:09-cv-199, 2010 U.S. Dist. LEXIS 14253, at *10-11 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form

7

of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]").

Therefore, Plaintiff's claims for injunctive relief must be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against KDOC, Wellpath, official-capacity claims against all Defendants, individual-capacity claims against Valentine, Campbell, Holcomb, Dunn, and Crews, and claims for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and/or for seeking damages from a defendant who is immune from such relief.

The **Clerk of Court is directed** to terminate KDOC, Wellpath, Valentine, Campbell, Holcomb, Dunn, and Crews as no claims remain against them.

The Court will enter a separate Service and Scheduling Order to govern the claim that has been permitted to proceed.

Date:   July 24, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendant Fares
4414.010

8