UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DALE L. ASBELL, JR.**                                                                                          **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 3:23CV-P113-CRS**

**KENTUCKY DEPARTMENT OF
CORRECTIONS** *et al.*                                                            **DEFENDANTS**

**MEMORANDUM**

Plaintiff Dale L. Asbell, Jr., filed the instant *pro se* prisoner action. The Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A, allowed Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs to proceed against Defendant Stephanie Fares in her individual capacity, and ordered that service be effectuated on Defendant Fares by the United States Marshals Service (USMS) (DNs 8 and 9). After service on Defendant Fares was returned unexecuted (DN 11), the Court entered a Revised Service and Scheduling Order on August 31, 2023, ordering that service be effectuated on Defendant Fares by the USMS by way of the registered agent for service of process for Wellpath, LLC (DN 12). However, on September 21, 2023, service on Defendant Fares was again returned unexecuted (DN 14), and the Clerk's Office mailed the unexecuted summons to Plaintiff.

The Revised Service and Scheduling Order (DN 12) provided, "Should Plaintiff receive notice that a summons is returned to the Court unexecuted, **Plaintiff is WARNED that he must take steps to remedy the defect in service** by providing additional information to the Court." It stated, "**Failure to do so within 90 days of entry of this Order may result in dismissal of the Defendant at issue.** *See* Fed. R. Civ. P. 4(m)." On October 12, 2023, the Court entered an Order directing Plaintiff to provide additional information regarding where Defendant Fares may

be served by November 29, 2023 (DN 15).  The Order warned Plaintiff that failure to comply within the time allotted would result in dismissal of the case.

The deadline set forth in the Order has passed, and Plaintiff has failed to comply with the Court's Order or to take any other action in this case.  Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims.  Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  "[T]he lenient treatment of pro se litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).  Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's prior Orders shows a pattern of failure to pursue this case.  Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc:     Plaintiff, *pro se*
4411.010

Charles R. Simpson III, Senior Judge
United States District Court

December 19, 2023